AARON RIPS, PROSECUTOR, v: ABRAHAM LEVITAN ET AL., RESPONDENTS.

Submitted June 9, 1925—Decided November 17, 1925.

Judgments—Jurisdiction of District Court—Service of Process—
Service Made by Leaving Copy of Summons at Defendant's
Home With His Wife by Sergeant-at-Arms—Wife Denied Re-
ceipt, But Proofs Satisfy Court of Legality of Service—
Judgment For a Larger Amount Than Summons Demanded
Though For An Amount Within Court's Jurisdiction—In Ab-
sence of Defendant, Judgment Cannot be Entered For
Amount Greater Than That Set Forth in Summons.

On writ of *certiorari*.

Before Justices TRENCHARD, KATZENBACH and LLOYD.

For the prosecutor, *G. Earl Brugler*:

For the respondents, *Abraham Levitan*.

PER CURIAM.

The writ of *certiorari* was granted in this case to test the validity of a judgment rendered against the prosecutor in the Second District Court of Hudson county. The judgment was taken by default, and it is claimed, first, that the trial court was without jurisdiction because the process was not legally served; second, that the judgment was invalid because rendered in a larger amount than the sum demanded in the summons, and third, that the action, being by an attorney to recover for professional services, the court was without jurisdiction to hear the case in the absence of proof of service of a bill before suit brought.

As to the service of the summons the return and testimony of the sergeant-at-arms of the court is to the effect that it was served on the prosecutor by leaving a copy at his usual place of abode with the prosecutor's wife, she being over fourteen years of age. While the wife denied receipt of

the writ the proofs satisfy us that it was legally served, and, even if it were otherwise, the official return could not be thus attacked. *Castner* v. *Slyer*, 23 *N. J. L.* 236.

The second point has more merit. The summons demanded $300 damages and the judgment recovered was for $337. While both amounts were within the jurisdiction of the District Court and within the amount claimed in the state of demand filed in the cause, it has been held that, in the absence of the defendant, no judgment can be entered in the District Court for an amount greater than that set forth in the summons. *Drake* v. *Mowder*, 89 *N. J. L.* 306. As stated in the opinion filed in the case cited, "if the legal status which he [the defendant] is thus permitted to assume, be subject without his knowledge or consent to be changed to his detriment, a situation is presented which admits of an enforced liability upon an absent defendant, the extent of which can be determined only by the limitation of the court's jurisdiction."

This conclusion makes it unnecessary to consider the third reason for reversal.

The judgment will be reversed and a new trial awarded.