E. & M. LAND COMPANY, PROSECUTOR, v. THE BOARD OF ADJUSTMENT OF THE CITY OF NEWARK, NEW JERSEY, AND FREDERIC BIGELOW, SUPERINTENDENT OF BUILDINGS OF THE CITY OF NEWARK, RESPONDENTS.

Argued January 20, 1926—Decided May 13, 1926.

**Zoning—Apartment-house in Restricted Territory—House Within Provisions of Tenement-House Law—Arbitrary Provisions of City Pertaining to Size, Lot, etc., Not Within Police Power—Court Unwilling to Say as Matter of Law Without Proof That Apartment-Houses Promote Immorality—Certiorari Not the Proper Remedy to Secure Building Permit.**

On *certiorari,* &c.

Before Justices TRENCHARD and KATZENBACH.

For the prosecutor, *Charles Jones.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers* (*Fred G. Stickel, Jr.,* on the brief).

PER CURIAM.

This is a *certiorari* bringing up "a certain decision rendered September 3d, 1925, by the board of adjustment of the city of Newark, New Jersey, relative to an appeal to said board by E. & M. Land Company from the rejection by Frederic Bigelow, superintendent of buildings of the city of

Newark, of an application for a permit to erect on Custer place, one hundred feet west of Meeker avenue, on a lot known and designated as 10 Custer place, Newark, belonging to the said company, a three-story brick apartment-house to be occupied by twelve families."

The resolution brought up affirmed "the decision of the superintendent of buildings" and denied the application for a permit.

It appears that the apartment-house in question was to be forty feet high, and in the Weequahic Park section of Newark. The plans were approved by the tenement-house commission. The superintendent declined to grant the permit because it violated the limitation of the zoning ordinance as to height, percentage of lot to be occupied and number of families to be housed. We think that these limitations, in the particular circumstances of the present case, are illusory and arbitrary, and are ineffective to bar the building in question. *Scola* v. *Senior,* 130 *Atl. Rep.* 882; *Plymouth Co.* v. *Bigelow,* 129 *Id.* 203; *Jersey Land Co.* v. *Scott,* 126 *Id.* 173. They, obviously, bore no relation to the public health, safety or the general welfare.

In the brief it is argued that these zoning limitations were within the police power, and are justified by increased fire hazard, alleged lack of school facilities and alleged lack of sewerage facilities. These contentions, in circumstances like the present case, have been, in effect, hitherto decided to be without merit. *Ingersoll* v. *South Orange,* 3 *N. J. Adv. R.* 1407; *affirmed,* 3 *N. J. Mis. R.* 335.

It is further said that the zoning against apartment-houses is justified, because they promote immorality. But we are unwilling to say, as a matter of law, and without proof, that apartment-houses may be discriminated against in a zoning ordinance solely on the theory that they promote immorality.

The action of the board of adjustment in sustaining the refusal of the superintendent of buildings to grant the permit will be set aside. This action, however, does not give to the prosecutor the right to which he is entitled, namely, a

building permit for the erection of the building in question. *Certiorari* is not the proper remedy to secure the prosecutor his rights. *Falco* v. *Kaltenbach,* 3 *N. J. Mis. R.* 333. The proper remedy is *mandamus.* It seems probable that it will not be necessary for the prosecutor to apply to this court for such writ in view of the position of the respondents, which, as we understand it, is to the effect that if this court holds that the action of the board of adjustment was unwarranted, a permit will be forthwith granted to the prosecutor. The action of the board in affirming the action of the superintendent of buildings of the city of Newark in refusing to issue the permit to the prosecutor is set aside, with costs.

Argued January 20, 1926—Decided May 13, 1926.

For the prosecutor, *Charles Jones.*

For the respondents, *Jerome T. Congleton* and *Charles M. Myers (Fred G. Stickel, Jr.,* on the brief).