VALENCIA REALTY COMPANY, RESPONDENT, v. FRANK H. SEELY, APPELLANT.

Submitted May 14, 1937—Decided June 23, 1937.

Before Justices LLOYD, CASE and DONGES.

For the appellant, *Isadore Rabinowitz.*

For the respondent, *Nathan Robins.*

PER CURIAM.

The plaintiff brought suit on a writing reading as follows:

"March 14, 1936.

Received of Frank H. Seely the sum of One Hundred ($100.00) Dollars on account of rent for premises situated at 163 Dundee Avenue, Paterson, N. J. Balance due Two Hundred Sixty ($260.00) Dollars to be paid within sixty days. Rent of Thirty ($30.00) Dollars per month to be paid each and every month, commencing April 1, 1936. Ejectment proceedings to be discontinued.

Accepted
FRANK H. SEELY,
VALENCIA REALTY CO.,
By PETER FLEUCHAUS,
President."

It obtained judgment in the sum of $363.05. The defendant appeals and specifies as causes for reversal the denial of the appellant's motions for nonsuit, for the direction of a verdict in his favor, and that there was error in entering judgment for the plaintiff in the sum named on the ground that it exceeded the amount demanded in the summons.

We think the appeal is without merit. The writing sued on clearly imported an indebtedness from the defendant to the plaintiff. The defendant, together with his wife, it would appear from the proofs, were the owners of premises 163 Dundee avenue, Paterson. Against this property there was a mortgage of which the plaintiff became the owner by assignment. The plaintiff instituted an action for the possession of the property (on what basis does not appear) and obtained judgment on December 23d, 1935. This is the action to which the agreement sued on refers. It was in this situation that the agreement was executed and from which agreement it is inferable that the plaintiff and defendant assumed the relation of landlord and tenant, and under which it is stipulated that the balance due is $260. The remaining $90 of the claim was for the continued occupancy of the premises for the succeeding three months.

In this situation the two grounds urged for the nonsuit are untenable. The first is that the agreement was without consideration. This is obviously untrue. Assuming the relation of landlord and tenant to exist, the tenant was occupying the premises and this afforded ample consideration for the promise to pay the rent then due and which might later become due.

The second ground that the ejectment proceedings had not been discontinued is equally without merit. The discontinuance of the ejectment is not a condition precedent to the demand for the payment of the money. The agreement is a recognition of an indebtedness then owing and a promise to pay it within sixty days. Such payment was not made contingent upon the discontinuance of the ejectment proceeding but we think was collateral thereto. Besides it appears that a warrant for the satisfaction of the judgment was duly filed and this was in effect compliance with the agreement.

Respecting the amount of the judgment, it is contended that because the summons demanded the payment of $350, the excess of $13.50 was illegal and rendered the whole judgment void, citing in support of the contention the case of *Rips* v. *Levitan,* 3 *N. J. Mis. R.* 1166; 130 *Atl. Rep.* 882, which we think is inapplicable. In that case the summons demanded the sum of $300. The defendant did not appear and it was held the judgment was void because of the excess. Here the defendant appeared and responded to the complaint which demanded the sum of $350 with interest. In the cited case the defendant had only to respond to the amount stated in the summons. He could absent himself from the court as he did and the limit of authority would obviously be the amount of which he was apprised in the summons. Here the defendant responded not only to the summons but to the complaint which adequately informed him that not only would he be called upon to pay the principal sum but the interest that might be due.

The judgment is affirmed.